NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JACOB J. FATZER, PETITIONER, v. K & N., INCORPORATED, JAMES NAJARIAN AND A. AMIRKANIAN, RESPONDENTS.

Decided April 2, 1937.

For the petitioner, *Vanderwart & Scharnikow.*

For the respondent, *James Najarian & Milton Najarian.*

\*       \*       \*       \*       \*       \*       \*

Question in case *sub judice* is whether or not the K. & N. Cleaners and Dyers is a corporation *de facto* or *de jure* and should be held liable for the injury to the petitioner or one James Najarian, an incorporator.

On August 31st, 1936, certificate of incorporation of the K. & N. Cleaners, Incorporated, was filed with the county clerk, Essex county. The incorporators are shown as Karl Kaljarian, James Najarian and John Najarian.

The object of the corporation was to engage in the cleaning and dyeing business.

No meeting of incorporators was held, no minutes taken, in fact none of the preliminary requisites of a corporation were followed. The certificate of incorporation was not immediately filed with the secretary of state.

Petitioner was engaged as a general handy man to operate machine and attend boiler. On October 17th, 1936, he met with an accident causing disability to his right arm. The respondents were not insured, no compensation was paid and formal petition was filed December 9th, 1936. Subsequently on January 21st, 1937, certificate was filed with the secretary of state.

The K. & N. corporation is defunct. The original incorporators took no active interest in the corporation except one James Najarian, who handled all of the business exclusively. He is named as a respondent in the cause.

The requisites of a *de facto* corporation:

1. A valid law.

2. A *bona fide* attempt to organize under such a law.

3. An active exercise of corporate powers.

It is essential to *de facto* corporate existence there shall have been a *bona fide* attempt to organize under the law, and at least a colorable compliance with the law in such attempt.

To give a body of men assuming to act as a corporation, where there has been no attempt to comply with the provision of any law authorizing them to become such, the status of a *de facto* corporation, might open the door to fraud upon the public. It would certainly be impolitic to permit a number of men to have the status of a corporation to any extent merely because there is a law under which they might have

become incorporated and they have agreed among themselves to act, and they have acted, as a corporation.

In the case *sub judice* the only action taken was the filing of a certificate with the county clerk of Essex. No further action would have been taken if the accident had not occurred. One James Najarkian was the only one of the incorporators to take any active interest in the details of the alleged corporation.

I am of the opinion that the corporation fails in one of the main requisites—a *bona fide* attempt to organize—was not complied with.

I am therefore holding James Najarkian as the respondent and awarding compensation against him.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

JOHN C. WEGNER,
*Referee.*